# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0541 | **DATE** | 4/26/2013 |
| **CASE TITLE** | Bobby L. Ford (N20126) v. Groebner, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 14) is denied pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(a)(3). Plaintiff has "struck out" and the court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Pro se Plaintiff Bobby L. Ford brought a civil rights action pursuant to 42 U.S.C. 1983. On February 4, 2013, Plaintiff's complaint was summarily dismissed with prejudice for Plaintiff's failure to pay the required filing fee and for failure to advise the Court that he had "struck out." *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). On March 12, 2013, Plaintiff's motion to reconsider the dismissal of his suit was denied. Plaintiff has filed a notice of appeal and seeks leave to proceed on appeal *in forma pauperis*.

     Plaintiff's motion for leave to appeal *in forma pauperis* is denied. First, having accumulated three strikes, he is barred from proceeding without paying the full statutory filing fee in advance; in any event, the court finds the appeal to be frivolous.

     The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

     At least three of Plaintiff's actions prior to this appeal, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Ford v. Page*, Case No. 99 C 8465 (N.D. Ill.), dismissed by Minute Order of April 18, 2000 (Leinenweber, J.); *Ford v. Walker*, Case No. 07 C 1184 (C.D. Ill.), dismissed by Order of September 6, 2007 (Baker, J.); and *Ford v. Ryker*, Case No. 10 C 0830 (S.D. Ill.), dismissed by Order of March 4, 2011 (Murphy, J.). Plaintiff has not demonstrated that he is in imminent danger of serious physical injury. The complaint alleges that his due process rights were violated in relation to a state criminal proceeding and a violation of rules at the Cook County Jail (he is now at the Lawrence Correctional Center). These allegations do not demonstrate imminent danger of a serious physical injury. Plaintiff now avers that he is in imminent danger because he is incarcerated and suffers from a serious medical issue. Plaintiff's general averment of imminent danger of serious injury just because he is in prison does not constitute imminent danger of serious physical injury. Plaintiff's allegations do not amount to imminent danger of serious harm for waiving the required filing fee. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $455 appellate docketing fee.

     In addition, for the reasons stated in the court's previous dismissal order, the court finds that this action does not raise a substantial issue meriting appellate review. As Plaintiff has raised none in his motion for leave to appeal *in forma pauperis*, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no

| STATEMENT |
|---|
| appeal should be taken.<br>      Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward.  Consequently, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution.  *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). |